## SUPERIOR COURT

Thomas Bowman
vs. } W.C.A.No.512.
Fed. Mutual Liability
Insurance Co.

RESCRIPT.

December, 1924.

TANNER, P. J. This is a petition under the Workmen's Compensation Act, stating that the petitioner sustained an injury during his employment on or about the 21st or 22nd of April, 1924.

The respondent liability company was not responsible to the employing company for injuries after the 1st of May, 1924. The real question at issue then is whether or not this respondent or a succeeding insurance company, is responsible for the damages due to the accident.

It appears that the petitioner was injured in placing bobbins on top of a machine; that being a short man he had to strain somewhat and almost stand on his toes in order to reach the top of the machine where he was placing the bobbins; that about the 21st of April, 1924, he commenced to feel a stinging pain in his right groin; that he nevertheless continued to work until about the 8th of May when he went to a doctor; that he had a little lump show on his right side on May 6th.

According to the medical testimony, the pain which the man felt and the stinging sensation in his right side showed that the inguinal ring was being strained and that the peritoneum was trying to get through the ring; that this condition being aggravated by the man continuing to work finally resulted in a rupture.

We gather from the medical testimony that while the rupture may have occurred before the tumor or lump showed on the man's side, that the appearance of the lump is the only sure indication that a rupture

had taken place, since there was no medical examination prior to that time. This being so we feel that it is impossible for us to say that the rupture actually occurred before the 6th of May.

The question then arises: when did the accident take place? We were at first inclined to say that the accident took place at the beginning of the stinging pain suffered, but upon further consideration it seems to us that we can not say that the rupture was inevitable at any time before the 1st of May, which is the determinative point of liability of this defendant. We can not say that if the man had stopped work in time, he would not have avoided the rupture and might not by changing his employment have entirely avoided rupture.

In considering Walsh vs. River Spinning Co., 41 R. I. 490, we think it may fairly be said that the collapse of the workman would not have occurred if he had stopped working in time; that his paralysis and collapse was not inevitable if he had so stopped work.

The Court in its opinion says, page 496:

"The respondent has claimed that the effect of the heat upon said Walsh was not sudden, for he complained of it in the forenoon; that he should have been made uncomfortable by the heat was to be expected; but the collapse of his physical resistance may fairly be said to have been sudden. We think that in thus viewing the occurrence we have not confounded the injury with the accident. The untoward event which in this case produced the disability from which Walsh died was the aggregate of the circumstances culminating in the breaking down of his physical stamina."

This seems to us to indicate that it was not until the aggregate of circumstances culminated in the col-

lapse that the accident took place. The actual rupture was a sudden occurrence, due no doubt to a preceding chain of circumstances, which sudden occurrence constituted the accident. If this be true, we must say that the accident for which compensation is due did not occur until after the 1st of May and that the respondent insurance company is not liable therefor.

Petition dismissed.

Ralph T. Barnefield for petitioner.

Sherwood, Heltzen and Clifford for respondent.